**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ANGELIQUE CAMP RAMSKOG and
AIDAN COTTON,

Plaintiffs,

v. Case No. 6:26-cv-01788-AGM-RMN

PARKS AUTOMOTIVE GROUP, INC.,
d/b/a PARKS TOYOTA OF DELAND,
and GLOBAL LENDING SERVICES LLC,

Defendants.
_______________________________________/

**PLAINTIFFS' NOTICE OF RELATED ACTION**

Plaintiffs ANGELIQUE CAMP RAMSKOG and AIDAN COTTON, by and through undersigned lead counsel and pursuant to Local Rule 1.07(c) of the Local Rules of the United States District Court for the Middle District of Florida, file this Notice of Related Action and state as follows:

1. **Prior arbitration proceeding.** Out of an abundance of caution, and although Plaintiffs do not understand a private arbitration proceeding to constitute an "action" within the meaning of Local Rule 1.07(c), Plaintiffs disclose the following closed proceeding involving the same transaction and two of the same parties:

**Style:** Angelique Camp Ramskog and Aidan Cotton v. Parks Automotive Group, Inc. d/b/a Parks Toyota of Deland

**Forum:** American Arbitration Association

**Case No.:** 01-26-0001-6510

**Status:** Administratively closed May 11, 2026

Plaintiffs filed a Demand for Arbitration with the American Arbitration Association pursuant to the arbitration provision contained in the Retail Installment Sale Contract dated December 6, 2025. By letter dated May 11, 2026, the American Arbitration Association declined to administer the matter on the ground that Parks Automotive Group, Inc. had failed to comply with the Association's Consumer Due Process Protocol and Consumer Arbitration Rules, including the Costs of Arbitration, and/or had removed itself from the Association's Consumer Clause Registry. The Association administratively closed its file and advised that, under Rule R-10(b) of the Consumer Arbitration Rules, either party may submit the dispute to the appropriate court for resolution. No arbitrator was appointed, no hearing was conducted, and no award was entered. The circumstances of that proceeding are pleaded in the Complaint.

2. **No related judicial action.** Other than the closed arbitration proceeding described in paragraph 1, there is no related action — pending or closed — in the Middle District of Florida or elsewhere. Plaintiffs are aware of no other civil,

criminal, or administrative action in any federal, state, or foreign forum that involves the same parties, the same transaction or occurrence, or substantially the same issues as this action.

3. **No successive action.** This action is not the re-filing of any previously docketed, assigned, and terminated action. Local Rule 1.07(a)(1) is therefore inapplicable.

4. **No basis for transfer or consolidation.** Plaintiffs are aware of no action pending before any other judge of this Court that presents a probability of inefficiency or inconsistency such that transfer under Local Rule 1.07(a)(2)(B) or consolidation under Local Rule 1.07(b) would be warranted.

5. **Continuing duty.** Undersigned lead counsel acknowledges the continuing duty imposed by Local Rule 1.07(c) to file promptly a notice identifying and describing any related action — whether pending or closed — in the Middle District of Florida or elsewhere, and will supplement this Notice promptly if any such action comes to counsel's attention.

Respectfully submitted,

/s/ Joshua E. Feygin

Joshua E. Feygin, Esq.
Florida Bar No. 124685

SUE YOUR DEALER – A LAW FIRM
4601 Sheridan Street, Suite 205
Hollywood, Florida 33021
Telephone: (954) 228-5674
Email: Josh@sueyourdealer.com
**Lead Counsel for Plaintiffs**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 17, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. Defendants have not yet appeared in this action; a copy of the foregoing will be served on each Defendant together with the summons and Complaint in accordance with Federal Rule of Civil Procedure 4.

/s/ Joshua E. Feygin
Joshua E. Feygin, Esq.