**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ANGELIQUE CAMP RAMSKOG and AIDAN COTTON,

Plaintiffs,

v.

PARKS AUTOMOTIVE GROUP, INC., d/b/a PARKS TOYOTA OF DELAND, and GLOBAL LENDING SERVICES, LLC,

Defendants.

Case No.: 6:26-cv-01788-AGM-RMN

**DEFENDANT'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT**

Defendant, Global Lending Services LLC. ("Defendant"), by and through undersigned counsel, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 6(b)(1)(A) and Local Rule 3.01 for a twenty-one (21) day extension of time to respond to Plaintiff's Complaint, and in support thereof states:

1. Plaintiff filed the Complaint in the above-styled action, and Defendant's response is currently due on September 21, 2026.

2. Undersigned counsel requests additional time to review the Complaint, research the applicable law, prepare a responsive pleading, and explore a potential early resolution.

3. This is the first request for an extension of time in this matter.

4. The undersigned has conferred with counsel for Plaintiff, who has no objection to the requested extension.

5. Defendant respectfully requests that the deadline to respond to the Complaint be extended by twenty-one (21) days, to and including October 12, 2026.

6. This Motion is made in good faith and is not made for purposes of delay.

WHEREFORE, Defendant respectfully requests that this Court enter an Order granting this Unopposed Motion and extending Defendant's time to respond to Plaintiff's Complaint to and including October 12, 2026, and for such other relief as this Court deems just and proper.

Respectfully submitted this 21st day of September, 2026.

**Certification Under Penalty of Perjury That Artificial Intelligence Was Not Used in the Preparation of This Filing**

I have reviewed the Standing Order Requiring Disclosure of the use of artificial intelligence. After diligent inquiry and under penalty of perjury, I certify that artificial intelligence was not utilized in the preparation of this filing in any way. I understand that, whether I represent myself or I am an attorney representing a client, I have an affirmative obligation to read each case cited in this filing. If I fail to do so and a case upon which I rely does not exist or does not reasonably stand for the cited proposition, I understand that the Court may treat this as a violation of Rule 11 of the Federal Rules of Civil Procedure. I have reviewed Rule 11 of the Federal Rules of Civil Procedure and I understand that this rule applies equally to counsel and unrepresented parties, and I am familiar with the sanctions available for violations of Rule 11. If this certification is made by counsel, I further understand that citation to a case that either does not exist or does not reasonably stand for the cited proposition may be treated as a violation of my oath of candor toward the tribunal and a basis on which my admission to practice in the Middle District of Florida could be revoked or suspended. Further, whether I represent myself or I am an attorney representing a client, I understand that by making this certification under penalty of perjury I could be referred for criminal prosecution if the statements I make here are false.

**HOLLAND & KNIGHT LLP**

*/s/ Matthew J. Borello*
R. Carter Burgess
Florida Bar No. 58298
carter.burgess@hklaw.com
kathleen.griffith@hklaw.com
Matthew J. Borello
Florida Bar No. 1017934
Matt.borello@hklaw.com
50 North Laura Street, Suite 3900
Jacksonville, FL 32202
Telephone: (904) 353-2000
Facsimile: (904) 358-1872

*Attorney for Defendant,*
*Global Lending Services LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of September, 2026, a true and correct copy of the above and foregoing has been furnished via CM/ECF to all counsel of record.

*/s/ Matthew J. Borello*
Attorney