**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| **ANGELIQUE CAMP RAMSKOG and AIDAN COTTON,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**PARKS AUTOMOTIVE GROUP, INC. d/b/a PARKS TOYOTA OF DELAND and GLOBAL LENDING SERVICES, LLC,**<br><br>**Defendants.** | **Case No. 6:26-cv-01788-AGM-RMN** |

**DEFENDANT'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

Defendant, PARKS AUTOMOTIVE GROUP, INC. d/b/a PARKS TOYOTA OF DELAND ("Defendant"), by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 6(b)(1)(B), hereby files this unopposed Motion for Extension of Time to file their response to Plaintiff's Complaint [Doc. 1]. In support thereof, Defendant states as follows:

1. On August 14, 2026, Plaintiffs, ANGELIQUE CAMP RAMSKKOG and AIDAN COTTON, filed this action in the Middle District of Florida, alleging multiple claims arising out of the purchase of a motor vehicle [Doc. 1].

2. On September 2, 2026, Defendant was served with the Complaint. [Doc. 14].

3. Defendant's deadline to respond to the Complaint is September 23, 2026.

4. Defense counsel was just retained to represent Defendant in this action and undersigned counsel is currently attending a trial in Orange County Circuit Court that is scheduled run through October 2, 2026. In addition, the action was just filed one month ago, and this is Defendant's first request for extension. Thus, to give defense counsel sufficient to time to confer with her client, and to give the parties additional time to try to resolve this matter, Defendant respectfully seeks a twenty-one (21) day extension of time to respond to Plaintiff's Complaint, up to and including October 14, 2026.

5. The requested extension in this Motion is not submitted for the purpose of unnecessary delay, and granting this Motion will not prejudice any party, as the parties have not yet conducted their case management conference, and discovery has not started. In addition, Plaintiffs do not oppose this request for extension.

6. For the reasons set forth above and in the Memorandum of Law incorporated below, good cause exists for the Court to grant Defendant's request for an extension of time to respond to Plaintiffs' Complaint, providing for a new deadline of October 14, 2026.

## MEMORANDUM OF LAW

### A. Defendant Has Established Good Cause to Grant this Extension.

The Federal Rules of Civil Procedure allow this Court to "extend the time" an act must be done "for good cause." Fed. R. Civ. P. 6(b)(1). Good cause in this context is not a strict standard. It is meant to accommodate any myriad of circumstances that might necessitate more time. *See, e.g., Gillio v. US Bank NA,* 2013 WL 12387342, at *1 (M.D. Fla. July 1, 2013) ("The Court routinely grants extensions when they are sought in good faith; do not prejudice a party; are not likely to create future case management problems; the Court will still have sufficient time to decide dispositive motions; and the extension will not impact the trial date.").

In the instant case, the undersigned counsel was only recently retained to represent the Defendant in this action and requires additional time to confer with her client regarding an appropriate response to the Complaint. In addition, the case was just filed a month ago and granting an extension will not create any future case management problems.

The extension of time is requested to allow sufficient time for defense counsel to confer with her client regarding the proposed response to the Complaint, and Plaintiffs do not oppose this request for an enlargement of time. Accordingly, no party will be prejudiced by the brief extension requested in this Motion.

"[D]istrict courts enjoy broad discretion in deciding how best to manage the cases before them," *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997), and Defendant asserts that the requested extension is reasonable. Thus, for these reasons, the Court should grant Defendant's request for extension. *See Deppe v. Sovinski,* 2023 WL 6809634, at *1 (M.D. Fla. Oct. 16, 2023) (granting defendant's motion for extension of time to respond to amended complaint where requested extension was reasonable).

WHEREFORE, Defendant, PARKS AUTOMOTIVE GROUP, INC. d/b/a PARKS TOYOTA OF DELAND, respectfully requests that this Honorable Court enter an Order: (i) granting this Motion; (ii) permitting Defendant a 21-day enlargement of the deadline to respond to Plaintiff's Complaint, up to and including October 14, 2026; and (iii) granting such other and further relief as this Court deems just and proper.

**RULE 3.01(G) CERTIFICATION**

Pursuant to Local Rule 3.01(g) the undersigned counsel has conferred with counsel for Plaintiffs regarding the matters set forth in this Motion, and Plaintiffs do not oppose this request for an extension.

**CERTIFICATION UNDER PENALTY OF PERJURY THAT ARTIFICIAL INTELLIGENCE WAS NOT USED IN THE PREPARATION OF THIS FILING**

I have reviewed the Standing Order Requiring Disclosure of the use of artificial intelligence. After diligent inquiry and under penalty of perjury, I certify that artificial intelligence was not utilized in the preparation of this filing in any way. I understand that, whether I represent myself or I am an attorney representing a client, I have an affirmative obligation to read each case cited in this filing. If I fail to do so and a case upon which I rely does not exist or does not reasonably stand for the cited proposition, I understand that the Court may treat this as a violation of Rule 11 of the Federal Rules of Civil Procedure. I have reviewed Rule 11 of the Federal Rules of Civil Procedure and I understand that this rule applies equally to counsel and unrepresented parties, and I am familiar with the sanctions available for violations of Rule 11. If this certification is made by counsel, I further understand that citation to a case that either does not exist or does not reasonably stand for the cited proposition may be treated as a violation of my oath of candor toward the tribunal and a basis on which my admission to practice in the Middle District of Florida could be revoked or suspended. Further, whether I represent myself or I am an attorney representing a client, I understand that by making this certification under penalty of perjury I could be referred for criminal prosecution if the statements I make here are false.

DATED this 23rd day of September, 2026.

Respectfully submitted,

***/s/ Christine A. Wasula***
DANIELLE M. SIMPSON
Florida Bar No.1010871
LEAD COUNSEL
CHRISTINE A. WASULA
Fla. Bar No.: 0148164
Cole, Scott & Kissane, P.A.
Tower Place, Suite 400
1900 Summit Tower Boulevard
Orlando, Florida 32810
Primary Email:
danielle.simpson@csklegal.com
Secondary Email:
christine.wasula@csklegal.com
Alternative Email:
miley.ramoscruz@csklegal.com
Telephone: (321) 972-0075
Facsimile: (321) 972-0099
*Attorneys for Defendant, PARKS AUTOMOTIVE GROUP, INC. d/b/a PARKS TOYOTA OF DELAND*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 23rd of September, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a Notice of Electronic Filing to Counsel of Record.

***/s/ Christine A. Wasula***