**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ANGELIQUE CAMP RAMSKOG and AIDAN COTTON,

Plaintiffs,

v.

PARKS AUTOMOTIVE GROUP, INC., d/b/a PARKS TOYOTA OF DELAND, and GLOBAL LENDING SERVICES, LLC,

Defendants.

Case No.: 6:26-cv-01788-AGM-RMN

**DEFENDANT GLOBAL LENDING SERVICES, LLC'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, Global Lending Services, LLC ("GLS"), subject to and without waiving its right to compel arbitration, responds to Plaintiffs' Complaint and Demand for Jury Trial filed herein and states as follows:

## I. NATURE OF THE ACTION

1. GLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Complaint and therefore denies them.

2. GLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Complaint and therefore denies them.

## II. PARTIES

3. GLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Complaint and therefore denies them.

4. GLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint and therefore denies them.

5. The allegations of paragraph 5 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, GLS denies the allegations.

6. The allegations of paragraph 6 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required.

7. The allegations of paragraph 7 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required.

8. The allegations of paragraph 8 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required.

9. GLS admits that it is a South Carolina entity. GLS denies the remaining allegations of paragraph 9 of the Complaint.

10. GLS admits that it is a holder of the retail installment sale contract at issue. GLS denies the remaining allegations of paragraph 10 of the Complaint.

## III. JURISDICTION AND VENUE

11. The allegations of paragraph 11 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, GLS denies the allegations.

12. The allegations of paragraph 12 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, GLS denies the allegations.

13. The allegations of paragraph 13 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, GLS denies the allegations.

14. The allegations of paragraph 14 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, GLS denies the allegations.

## IV. CONDITIONS PRECEDENT

15. GLS denies the allegations of paragraph 15 of the Complaint.

16. GLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the Complaint and therefore denies them.

17. GLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the Complaint and therefore denies them.

## V. PARKS'S ARBITRATION PROVISION AND ITS DEFAULT

18. GLS admits that the retail installment sale contract contains an arbitration provision, which speaks for itself, and denies any characterization inconsistent with its terms. GLS denies the remaining allegations of paragraph 18 of the Complaint.

19. GLS admits that the arbitration provision permits either party to choose the American Arbitration Association or National Arbitration and Mediation as the arbitration organization, and states that the provision speaks for itself. GLS denies the remaining allegations of paragraph 19 of the Complaint.

20. The allegations of paragraph 20 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is

required. To the extent a response is required, GLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

21. The allegations of paragraph 21 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

22. The allegations of paragraph 22 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

23. The allegations of paragraph 23 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

24. The allegations of paragraph 24 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

25. The allegations of paragraph 25 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is

required. To the extent a response is required, GLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

26. The allegations of paragraph 26 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

## VI. FACTUAL ALLEGATIONS

27. GLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the Complaint and therefore denies them.

28. GLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the Complaint and therefore denies them.

29. The allegations of paragraph 29 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

30. The allegations of paragraph 30 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is

required. To the extent a response is required, GLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

31. The allegations of paragraph 31 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

32. The allegations of paragraph 32 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

33. The allegations of paragraph 33 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

34. The allegations of paragraph 34 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

35. The allegations of paragraph 35 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is

required. To the extent a response is required, GLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

36. The allegations of paragraph 36 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

37. The allegations of paragraph 37 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

38. The allegations of paragraph 38 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

39. The allegations of paragraph 39 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

40. The allegations of paragraph 40 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required.

required. To the extent a response is required, GLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

41. The allegations of paragraph 41 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

42. The allegations of paragraph 42 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

43. The allegations of paragraph 43 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

44. The allegations of paragraph 44 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

45. The allegations of paragraph 45 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required.

required. To the extent a response is required, GLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

46. The allegations of paragraph 46 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

47. The allegations of paragraph 47 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

48. The allegations of paragraph 48 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

49. The allegations of paragraph 49 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

50. The allegations of paragraph 50 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is

required. To the extent a response is required, GLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

51. The allegations of paragraph 51 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

52. The allegations of paragraph 52 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

53. The allegations of paragraph 53 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

54. The allegations of paragraph 54 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

55. The allegations of paragraph 55 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is

required. To the extent a response is required, GLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

56. The allegations of paragraph 56 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

57. The allegations of paragraph 57 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

58. The allegations of paragraph 58 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

59. The allegations of paragraph 59 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

60. The allegations of paragraph 60 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required.

required. To the extent a response is required, GLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

61. The allegations of paragraph 61 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

62. The allegations of paragraph 62 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

63. The allegations of paragraph 63 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

64. The allegations of paragraph 64 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

65. The allegations of paragraph 65 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required.

required. To the extent a response is required, GLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

66. The allegations of paragraph 66 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

67. The allegations of paragraph 67 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

68. The allegations of paragraph 68 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

69. The allegations of paragraph 69 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

70. The allegations of paragraph 70 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required.

required. To the extent a response is required, GLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

71. The allegations of paragraph 71 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

72. GLS admits that it was assigned the Retail Installment Sale Contract at issue, and states that such Contract speaks for itself. GLS otherwise denies the allegations contained in the corresponding paragraph of the Complaint.

73. GLS admits that it holds a lien on the vehicle at issue. GLS otherwise denies the allegations contained in the corresponding paragraph of the Complaint.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. The allegations of paragraph 78 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

79. The allegations of paragraph 79 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

80. The allegations of paragraph 80 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

81. The allegations of paragraph 81 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

## VII. THE HOLDER NOTICE AND THE LIABILITY OF THE ASSIGNEE

82. The allegations of paragraph 82 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, GLS admits that the retail installment sale contract contains a Holder Notice. GLS denies the remaining allegations.

83. The allegations of paragraph 83 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, GLS denies the allegations.

84. The allegations of paragraph 84 of the Complaint contain legal conclusions to which no response is required. GLS admits that Parks assigned the retail installment sale contract to GLS and that GLS is the recorded lienholder. GLS denies the remaining allegations.

85. Denied.

## VIII. FDUTPA: GENERAL VIOLATIONS AND PER SE VIOLATIONS

86. The allegations of paragraph 86 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, GLS denies the allegations.

87. The allegations of paragraph 87 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, GLS denies the allegations.

88. The allegations of paragraph 88 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, GLS denies the allegations.

89. The allegations of paragraph 89 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, GLS denies the allegations.

**COUNT I**

**Violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201 through 501.213: General Unfair and Deceptive Acts and Practices (Against Parks Automotive Group, Inc., and against Global Lending Services LLC as holder)**

90. GLS incorporates its responses to paragraphs 3 through 10, 27 through 77, 82 through 85, and 86 through 89 as if fully set forth herein.

91. The allegations of paragraph 91 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS denies the allegations.

92. The allegations of paragraph 92 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS denies the allegations.

93. The allegations of paragraph 93 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS denies the allegations.

94. The allegations of paragraph 94 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS denies the allegations.

95. Denied.

96. Denied.

**COUNT II**

**Violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201 through 501.213: Per Se Violations (Against Parks Automotive Group, Inc., and against Global Lending Services LLC as holder)**

97. GLS incorporates its responses to paragraphs 3 through 10, 27 through 77, 82 through 85, and 86 through 89 as if fully set forth herein.

98. The allegations of paragraph 98 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS denies the allegations.

99. The allegations of paragraph 99 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS denies the allegations.

100. The allegations of paragraph 100 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS denies the allegations.

101. The allegations of paragraph 101 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, GLS denies the allegations.

102. The allegations of paragraph 102 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS denies the allegations.

103. The allegations of paragraph 103 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS denies the allegations.

104. The allegations of paragraph 104 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS denies the allegations.

105. The allegations of paragraph 105 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS denies the allegations.

106. The allegations of paragraph 106 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, GLS denies the allegations.

107. The allegations of paragraph 107 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS denies the allegations.

108. The allegations of paragraph 108 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS denies the allegations.

109. Denied.

**COUNT III**
**Misleading Advertising, Fla. Stat. § 817.41**

**(Against Parks Automotive Group, Inc. and against Global Lending Services LLC as holder)**

110. GLS incorporates its responses to paragraphs 3 through 10, 27 through 77, and 82 through 85 as if fully set forth herein.

111. The allegations of paragraph 111 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, GLS denies the allegations.

112. The allegations of paragraph 112 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS denies the allegations.

113. The allegations of paragraph 113 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS denies the allegations.

114. The allegations of paragraph 114 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS denies the allegations.

115. The allegations of paragraph 115 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS denies the allegations.

116. The allegations of paragraph 116 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS denies the allegations.

117. Denied.

**COUNT IV**
**Violation of the Florida Deceptive and Unfair Trade Practices Act: Declaratory and Injunctive Relief Under Fla. Stat. § 501.211(1) Regarding Parks's Use of an Arbitration Provision It Has Made Unavailable (Against Parks Automotive Group, Inc.)**

118. GLS incorporates its responses to paragraphs 3 through 10, 18 through 26, and 86 through 89 as if fully set forth herein.

119. The allegations of paragraph 119 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS denies the allegations.

120. The allegations of paragraph 120 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS denies the allegations.

121. The allegations of paragraph 121 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS denies the allegations.

122. The allegations of paragraph 122 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS denies the allegations.

123. The allegations of paragraph 123 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS denies the allegations.

124. The allegations of paragraph 124 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS denies the allegations.

**COUNT V**
**Fraud in the Inducement**
**(Against Parks Automotive Group, Inc. and against Global Lending Services LLC as holder)**

125. GLS incorporates its responses to paragraphs 3 through 10, 27 through 77, and 82 through 85 as if fully set forth herein.

126. The allegations of paragraph 126 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS denies the allegations.

127. The allegations of paragraph 127 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS denies the allegations.

128. The allegations of paragraph 128 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS denies the allegations.

129. The allegations of paragraph 129 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS denies the allegations.

130. The allegations of paragraph 130 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS denies the allegations.

131. The allegations of paragraph 131 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS denies the allegations.

132. Denied.

**COUNT VI**
**Negligent Misrepresentation**
**Pleaded in the Alternative to Count V**
**(Against Parks Automotive Group, Inc. and against Global Lending Services LLC as holder)**

133. GLS incorporates its responses to paragraphs 3 through 10, 27 through 77, and 82 through 85 as if fully set forth herein.

134. The allegations of paragraph 134 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS denies the allegations.

135. The allegations of paragraph 135 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS denies the allegations.

136. The allegations of paragraph 136 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS denies the allegations.

137. The allegations of paragraph 137 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS denies the allegations.

138. Denied.

**COUNT VII**
**Violation of the Truth in Lending Act, 15 U.S.C. § 1601 et seq.,**
**And Regulation Z, 12 C.F.R. Part 1026**
**(Against Parks Automotive Group, Inc.)**

139. GLS incorporates its responses to paragraphs 3 through 10 and 27 through 77 as if fully set forth herein.

140. The allegations of paragraph 140 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS denies the allegations.

141. The allegations of paragraph 141 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS denies the allegations.

142. The allegations of paragraph 142 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS denies the allegations.

143. The allegations of paragraph 143 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS denies the allegations.

144. The allegations of paragraph 144 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS denies the allegations.

145. Denied.

## COUNT VIII
**Breach of the Implied Warranty of Fitness for a Particular Purpose, Fla. Stat. § 672.315, Enforced Under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)**
**(Against Parks Automotive Group, Inc. and against Global Lending Services LLC as holder)**

146. GLS incorporates its responses to paragraphs 3 through 10, 27 through 77, and 82 through 85 as if fully set forth herein.

147. The allegations of paragraph 147 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS denies the allegations.

148. The allegations of paragraph 148 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS denies the allegations.

149. The allegations of paragraph 149 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS denies the allegations.

150. The allegations of paragraph 150 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS denies the allegations.

151. The allegations of paragraph 151 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS denies the allegations.

152. The allegations of paragraph 152 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS denies the allegations.

153. The allegations of paragraph 153 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS denies the allegations.

154. The allegations of paragraph 154 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS denies the allegations.

155. Denied.

## <u>COUNT IX</u>
## Willful Impermissible Pull of Consumer Reports in Violation of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681b(f) and 1681n (Against Parks Automotive Group, Inc.)

156. GLS incorporates its responses to paragraphs 3 through 10 and 78 through 81 as if fully set forth herein.

157. The allegations of paragraph 157 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS denies the allegations.

158. The allegations of paragraph 158 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS denies the allegations.

159. The allegations of paragraph 159 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS denies the allegations.

160. The allegations of paragraph 160 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS denies the allegations.

161. Denied.

162. Denied.

**COUNT X**
**Negligent Impermissible Pull of Consumer Reports in Violation of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681b(f) and 1681o, Pleaded in the Alternative to Count IX**
**(Against Parks Automotive Group, Inc.)**

163. GLS incorporates its responses to paragraphs 3 through 10, and 78 through 81 as if fully set forth herein.

164. The allegations of paragraph 164 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS denies the allegations.

165. The allegations of paragraph 165 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS denies the allegations.

166. The allegations of paragraph 166 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS denies the allegations.

167. Denied.

168. Denied.

**COUNT XI**
**Equitable Rescission**
**(Against Parks Automotive Group, Inc. and against Global Lending Services LLC as holder)**

169. GLS incorporates its responses to paragraphs 3 through 10, 27 through 77, and 82 through 85 as if fully set forth herein.

170. The allegations of paragraph 170 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS denies the allegations.

171. The allegations of paragraph 171 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS denies the allegations.

172. The allegations of paragraph 172 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS denies the allegations.

173. The allegations of paragraph 173 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS denies the allegations.

174. The allegations of paragraph 174 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS denies the allegations.

175. The allegations of paragraph 175 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS denies the allegations.

176. Denied.

## COUNT XII
**Revocation of Acceptance Under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(1), and Fla. Stat. § 672.608**
**(Against Parks Automotive Group, Inc. and against Global Lending Services LLC as holder)**

177. GLS incorporates its responses to paragraphs 3 through 10, 15 through 17, 27 through 77, and 82 through 85 as if fully set forth herein.

178. The allegations of paragraph 178 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS denies the allegations.

179. The allegations of paragraph 179 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS denies the allegations.

180. The allegations of paragraph 180 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS denies the allegations.

181. The allegations of paragraph 181 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS denies the allegations.

182. The allegations of paragraph 182 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS denies the allegations.

183. The allegations of paragraph 183 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS denies the allegations.

184. The allegations of paragraph 184 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS denies the allegations.

185. The allegations of paragraph 185 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS denies the allegations.

186. The allegations of paragraph 186 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS denies the allegations.

187. The allegations of paragraph 187 of the Complaint are directed at Defendant Parks Automotive Group, Inc., not GLS, and therefore no response is required. To the extent a response is required, GLS denies the allegations.

188. Denied.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof or persuasion that would otherwise rest with Plaintiffs, and without waiving the foregoing denials, GLS asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint, and each purported cause of action contained therein, fails to state a claim upon which relief can be granted as to GLS.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because GLS is a holder of a consumer credit contract subject to the limitations set forth in the FTC Holder Rule, and any recovery against GLS is limited to amounts paid by Plaintiffs under the contract.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because GLS is not subject to direct liability for any conduct alleged in the Complaint, and any liability of GLS is wholly derivative of the liability of Defendant, Parks Automotive Group, Inc.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' alleged damages, if any, were caused in whole or in part by the acts or omissions of Plaintiffs or third parties other than GLS, and not by any act or omission of GLS.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs failed to mitigate their damages, if any.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims for punitive or exemplary damages are barred because GLS did not act with malice, fraud, or wanton disregard for the rights of Plaintiffs.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitation.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs ratified the transaction at issue by continuing to make payments under the retail installment sale contract and by continuing to possess and use the vehicle.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for equitable relief, including rescission, are barred because Plaintiffs have an adequate remedy at law.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims against GLS are subject to a binding arbitration provision contained in the retail installment sale contract assigned to GLS, which is enforceable under the Federal Arbitration Act, 9 U.S.C. § 1 et seq. GLS files this Answer and Affirmative Defenses solely to comply with the Court's deadline, and expressly asserts, and does not waive, its right to enforce the arbitration provision and to move to compel arbitration and stay this action. The arbitration provision permits either party to select the American Arbitration Association or National Arbitration and Mediation ("NAM") to administer the arbitration. Plaintiffs allege only that the AAA declined to administer their demand based on the alleged conduct of Defendant Parks Automotive Group, Inc.; they do not allege that NAM is unavailable, and NAM remains an available forum under the contract. GLS has not acted inconsistently with its right to arbitrate, and denies that any alleged default or conduct by Parks, or any forum-specific administrative closure by the AAA, waives or otherwise impairs GLS's independent right, as holder and assignee of the contract, to compel arbitration of Plaintiffs' claims.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Any recovery by Plaintiffs against GLS is subject to setoff and recoupment for all amounts owed by Plaintiffs under the retail installment sale contract, including the unpaid balance of the obligation.

## SIXTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs obtain rescission or revocation of acceptance, any such relief must be conditioned on Plaintiffs' return of the vehicle and on an offset for the reasonable value of Plaintiffs' use of the vehicle, and for any damage or depreciation to the vehicle.

## RESERVATION OF RIGHTS

GLS reserves the right to amend this Answer and Affirmative Defenses and to assert additional affirmative defenses as discovery proceeds.

WHEREFORE, Defendant Global Lending Services, LLC respectfully requests that this Court compel arbitration of Plaintiffs' claims against GLS and stay this action pending arbitration pursuant to 9 U.S.C. §§ 3 and 4; alternatively, enter judgment in its favor and against Plaintiffs, dismiss Plaintiffs' Complaint with prejudice, award GLS its costs and attorney's fees to the extent permitted by law, and grant such other and further relief as the Court deems just and proper.

Dated: October 13, 2026.

**HOLLAND & KNIGHT LLP**

*/s/ Matthew Borello*
R. Carter Burgess
Florida Bar No. 58298
carter.burgess@hklaw.com
kathleen.griffith@hklaw.com
Matthew J. Borello
Florida Bar No. 1017934
Matt.borello@hklaw.com
50 North Laura Street, Suite 3900
Jacksonville, FL 32202
Telephone: (904) 353-2000
Facsimile: (904) 358-1872

*Attorney for Defendant,*
*Global Lending Services LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of October, 2026, a true and correct copy of the above and foregoing has been furnished via CM/ECF to all counsel of record.

*/s/ Matthew Borello*
Attorney